**DRAVO CORPORATION, Petitioner,**

v.

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION, F. Ray Marshall, Secretary of Labor, Respondents.**

No. 77–2517.

United States Court of Appeals, Third Circuit.

Submitted Sept. 6, 1978.

Decided Sept. 15, 1978.

Charles R. Volk, Jane A. Lewis, Thorp, Reed & Armstrong, Pittsburgh, Pa., for petitioner.

Carin A. Clauss, Sol. for Labor, Benjamin W. Mintz, Associate Sol. for Occupational Safety and Health.

Allen H. Feldman, Acting Counsel for Appellate Litigation, Dennis K. Kade, Assistant Counsel for Appellate Litigation, Nancy L. Southard, Eric W. Cloud, Attys., U. S. Dept. of Labor, Washington, D. C., Marshall Harris, Regional Sol., Philadelphia, Pa., for Secretary of Labor.

Before ALDISERT and HIGGINBOTHAM, Circuit Judges, and MEANOR, District Judge.*

OPINION OF THE COURT

PER CURIAM.

Dravo Corporation petitions for review of a decision by an equally divided Occupational Safety and Health Review Commission which made final the Administrative Law Judge's affirmance of a citation for violation of OSHA Standard 29 C.F.R. § 1916.-51(c): "Slippery conditions on walkways or working surfaces shall be eliminated as they occur." Dravo is engaged in heavy metal fabrication of tow boats and barges. Following an OSHA inspection on December 22, 1975, Dravo was cited for violation of the "shipbuilding/housekeeping standard" because of the presence of one-half inch of snow on the deck of one of several barges which were under construction and moored on the Ohio River. The compliance officer estimated that there were six to ten employees working on the barges and exposed to the alleged hazard. The facility employs 1,900.

We grant the petition for review essentially for the reasons advanced by

* Honorable H. Curtis Meanor, of the United States District Court for District of New Jersey, sitting by designation.

Commissioner Barnako. He noted that "the phrase 'as they occur' in the standard tends to indicate that the standard does not apply to slippery conditions caused by bad weather because it is virtually impossible to correct such conditions automatically 'as they occur.'"

Accordingly, the decision of the Review Commission will be reversed and the citation previously issued will be vacated.[1]

1. The brief for the Secretary of Labor was due to be filed on March 26, 1978. On April 3, the Secretary filed a consent motion for leave to file the brief out of time by April 29. The motion was granted with the proviso, "No further extensions." On May 5, having neglected that deadline, the Secretary moved, this time without petitioner's consent, to file the brief out of time by May 29. The motion was denied on May 17 with a direction that the case be listed for disposition and that if a brief were proffered it would be directed to this panel for informational purposes only. On August 16, 1978, the Secretary finally lodged his brief in the Clerk's Office.

We register our most vigorous disapproval of the contumacious conduct of government counsel in this case. We are directing that the Clerk send a copy of this opinion to the Secretary of Labor, the Solicitor for Labor, and to the appropriate committee or committees of the Judicial Conference of the United States studying the question of competence of counsel appearing in federal courts.